# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KIWANNA A. GOODWIN,
                        Appellant,

                v.

PENSION BENEFIT GUARANTY
    CORPORATION,
                        Agency.

DOCKET NUMBER
DC-315I-22-0138-I-1

DATE: July 11, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kiwanna A. Goodwin, Brandywine, Maryland, pro se.

John Scott Hagood and Sara Robinson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of an agency action returning her from a GS-15 Supervisory IT Specialist to her former GS-14 IT Specialist position during her supervisory probationary period based on a finding that she failed to raise a nonfrivolous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

allegation of marital status discrimination.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      On review, the appellant repeats her argument that she was treated differently as a "single (never married), [B]lack" new supervisor and that all of the married managers in her division had successfully completed their supervisory probationary period "despite any issues they had."  Petition for Review (PFR) File, Tab 1 at 4; Initial Appeal File (IAF), Tab 4 at 9.  She resubmits her self-made chart setting forth the marital status and race of new managers, as well as the marital status and race of the Office of Information Technology senior leadership team.  PFR File, Tab 1 at 5; IAF, Tab 4 at 9.  For the first time on review, she identifies a specific comparator who purportedly received preferential treatment from the agency through personnel moves, a "married [A]sian male new manager."  PFR File, Tab 1 at 4-5.  The appellant submits evidence and argument challenging the merits of her termination from her supervisory position and raising various issues unrelated to jurisdiction, including purported actions that the agency has taken against her since the issuance of the initial decision and a Freedom of Information Act request she filed for documents related to the

agency's investigation of her harassment complaint.  PFR File, Tab 1 at 4-18, Tab 3 at 4-45.

¶3        Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the close of the record below despite the party's due diligence. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016); *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (stating that the Board generally will not consider a new argument raised for the first time on review absent a showing that it is based on new and material evidence).  However, we have considered the appellant's new evidence and argument to the extent it concerns the issue of the Board's jurisdiction because the Board's jurisdiction can be raised at any time including on review.  *See Pirkkala*, 123 M.S.P.R. 288, ¶ 5 (considering evidence submitted for the first time on review because it was relevant to the Board's jurisdiction).

¶4        Even considering the appellant's new arguments and evidence, she has presented no basis for disturbing the administrative judge's finding that her allegations are "conclusory and speculative" and do not rise to the level of a nonfrivolous allegation of marital status discrimination.  IAF, Tab 7, Initial Decision (ID) at 8 (citing *Smirne v. Department of the Army,* 115 M.S.P.R. 51, ¶ 8 (2010)).  We agree with the agency's argument the appellant fails to provide any supporting evidence that the newly identified comparator's marital status played any role in his successful completion of his supervisory probationary period.  PFR File, Tab 4 at 6-10.  The appellant submits purported sections from her harassment and discrimination complaints to the agency that include mention of probing personal questions from a subordinate and allegations of pregnancy discrimination at least 5 years prior to her selection for the supervisory position. PFR File, Tab 5 at 4, 9.  She also claims on review that the agency's Equal Employment Opportunity (EEO) office had told her that it would be hard for her to prove that she was harassed based on her "race and sex" because both her and

her alleged harasser were "black females," that she could not file an age discrimination complaint because she was under 40 years old, and that District of Columbia law did not apply to her as a Federal employee. *Id.* at 5-6. These arguments undercut her allegation of marital status discrimination and suggest that she raised them only after first claiming discrimination and retaliation on other grounds.

¶5      Therefore, we find that the appellant has not raised any specific allegations on review that are "more than mere conjecture" and would support a finding of marital status discrimination. *See Ellis v. Department of the Treasury*, 81 M.S.P.R. 6, ¶ 13 (1999); *see also Stokes v. Federal Aviation Administration*, 761 F.2d 682, 686 (Fed. Cir. 1985) (stating that an appellant must provide supporting facts and that merely conclusory pleadings are insufficient). The administrative judge also correctly found that the appellant's claims of retaliation for EEO activity and discrimination on the basis of race do not provide an independent basis for finding Board jurisdiction in the absence of an otherwise appealable action. ID at 7; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982); *see also Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).

¶6      Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.